ELLIS, Judge:
This is a damage suit for personal injuries suffered by Mrs. Pamela Hatheway Person when she slipped and fell in a caustic substance being applied to the floor of the lobby of the Prince Murat Inn by Na-pasco Chemical Company. Plaintiffs are Mrs. Person and her husband, Eric O. Person. Defendants are Napasco, Jake C. Kinchen, its vice-president, Benny Griffin, its salesman, Travelers Indemnity Company, its insurer, Albert Chamblin, manager of the Prince Murat Inn, and Albert Waller and Norman Keith, employees of the Inn.
After trial on the merits, judgment was rendered dismissing plaintiffs’ suit, and they have appealed as to defendants Griffin, Kinchen and Napasco.
Mrs. Person was a switchboard operator at the Prince Murat Inn, working the 3:00 o’clock p. m. to 11:00 p. m. shift. Mr. Person testified that he arrived to pick her up shortly before 11:00 p. m. and went back, through the lobby, to the room where she worked, which was situated just behind the area where the desk clerks were stationed. At about 11:05, she finished her work and they left together. Both of them testified that there was no unusual activity going on in the lobby and no warning signs were posted. Mrs. Person testified that she was unaware of any unusual activity in the lobby during her shift. As they approached the front of the lobby, Mrs. Person slipped and fell in a caustic substance, which caused severe chemical burns to her legs and buttocks.
The record reveals that, at about 7:30 or 8:00 o’clock that evening, Mr. Kinchen and Mr. Griffin had come to the hotel to demonstrate a Napasco product which was to be used to remove some acrylic wax-.from the slate floor of the lobby. The lobby faces east, and is entered by two large doors in the middle of the front wall. The desk is located 20 to 25 feet to the south of the doors, so that one entering the lobby must turn left to approach it. There is a large carpeted area in the center of the lobby, with the front edge of the carpet about eight feet from the front door. The area chosen for the demonstration extended from the south edge of the front doors to the desk, and extended out from the front wall about six feet.
The equipment used was a large commercial buffer, and several mops and buckets. Mr. Kinchen, Mr. Griffin, Mr. Waller and Curtis Turner, an employee of the Inn, were actively participating in the test. The cleaner was applied by pouring it onto the floor and spreading'it with the mops. After giving it 30 to 40 minutes to emulsify the acrylic wax, it was then cleaned up with the buffer. The cleansing solution was described as clear to pinkish in color, and turning greyish-white after it was applied and emulsification took place.
Mr. Kinchen and Mr. Griffin testified that, at the time of the accident, both of them were in the lobby and that Mr. Griffin was operating the buffing machine. They testified that all of the equipment being used was in the immediate vicinity of the work area, but that no warning signs of any kind had been put out. Mr. Kinchen stated that he was standing by the front door to warn those entering of the work in progress. No one was posted to warn anyone approaching from Mrs. Person’s direction.
Mr. Waller’s testimony is to the effect that he was not present when the accident happened, having left to get a pack of cigarettes. His testimony corroborates that *384 of Mr. Kinchen and Mr. Griffin in most respects.
Deepack Agarwal, the night auditor for the Inn, was the only other witness who testified to the circumstances surrounding the accident. His testimony corroborates that of the plaintiffs. He stated that when Mrs. Person fell, the work was going on outside the front door of the lobby, and that there was no equipment or men in the area in which she fell.
In deciding the case, the trial judge accepted the defendants’ version of what took place. He rejected Mr. Agarwal’s testimony because of his demeanor on the stand. Without ruling on the question of the defendants’ negligence, he found Mrs. Person to be contributorily negligent, on the basis that she should have seen the greyish-white emulsion on the floor, and that she should have been aware of the activity which had been going on in the lobby, only a few feet from her station in the room behind the reception desk. We find no manifest error in his determination.
If the defendants’ version of the case is accepted, then Mrs. Person was confronted with a scene of considerable activity when she entered the lobby from behind the registration desk. Mr. Griffin was operating the buffer and Mr. Kinchen was standing at the front door. A large area extending out six feet from the wall was covered with a greyish-white emulsion. Some miscellaneous mops, buckets and equipment were in the vicinity.
Conceding that Napasco was negligent in failing to warn of the presence of a slippery and caustic substance on the floor, we must agree with the trial judge that Mrs. Person was contributorily negligent in failing to observe the substance and the accompanying activity. She is therefore precluded from recovery.
The judgment is affirmed, at the plaintiffs’ cost.
Affirmed.